**[No. 4299.]**

THE PEOPLE EX REL. SIMPSON V. DENMAN.

APPELLATE PRACTICE—JURISDICTION—MOTION TO REMAND TO COURT OF APPEALS.

Ordinarily on a motion to dismiss or remand a case for want of jurisdiction the burden is on the mover to show that jurisdiction does not attach, but where a cause is removed to the supreme court from the court of appeals upon motion of defendant in error, and he has notice of a motion by plaintiff in error to remand the cause and neglects to appear and meet such motion the supreme court will not assume the labor of determining whether or not it has jurisdiction but will remand the case as of course.

*Transferred from Court of Appeals.*

*On Motion to Remand.*

Messrs. YEAMAN & GOVE and Mr. LEWIS ROGERS YEAMAN for plaintiff in error.

Mr. JOHN T. BOTTOM for defendant in error.

*Per Curiam.*—This action was commenced by plaintiff in error in the district court of Arapahoe county. From a judgment sustaining a general demurrer to his complaint, he took the cause to the court of appeals for review on error. Defendant in error there made a motion to transfer to this court, which was sustained, the ground of such motion being that questions were involved which gave this court jurisdiction. Plaintiff in error docketed the case in this court, and

thereupon moved to remand to the court of appeals, his contention being, that no question is involved giving this court jurisdiction which it is necessary to determine. Due notice of such motion has been given. Defendant in error has failed to enter any appearance here. Ordinarily, the burden is upon the party making a motion of this character to clearly establish that jurisdiction does not attach. Where, however, the party making the motion to transfer from the court of appeals neglects to enter an appearance here and meet such motion, we will not assume the labor of determining whether we have jurisdiction or not, but will remand as of course. The cause is remanded to the court of appeals for determination. The plaintiff in error will recover his costs expended in this court.

*Motion to remand sustained.*